Milord A. Keshishian, SBN 197835
milord@milordlaw.com
J. Nicolas Anwandter, SBN 294677
nico@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NJS.COM, LLC, d/b/a NAMEJEWELRYSPOT, a Delaware limited liability company; and DOES 1-10<br><br>Defendant. | Case No.: 2:17-cv-02747 AB (JEMx)<br><br>District: Hon. Andre Birotte Jr.<br>Magistrate: Hon. John E. McDermott<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE JOHN E. MCDERMOTT]** |

1

**GOOD CAUSE STATEMENT**

Subject to the approval of the Court, all documents, material or information produced or created by a party or non-party ("Source") to a party in this action ("Receiving Party") containing information which the Source or a party believes in good faith to be confidential or trade secret information, shall be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by the Source or a party and maintained by the Receiving Party(ies) pursuant to the terms of this Order.

**I. GOOD CAUSE STATEMENT**

**A. Factual Background**

Plaintiff is in the business of manufacturing, marketing, and selling jewelry. Defendant is an online reseller for jewelry and other accessories. Because of the parties' status as competitors or potential competitors, business information such as supplier lists, customer lists, cost-of-goods sold, pricing, manufacturing agreements, and other, similar information are confidential and must be protected from disclosure, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

The threshold issues in the complaint center on copyright infringement allegations. Resolution of these issues and damages analysis necessarily require evidence of, but not limited to, customer lists, cost of manufactures, supplier lists, sales data, and channels of trade.

**B. The Proposed Protective Order Focuses on the Protection of Commercially Sensitive Business Information**

Federal Rule Civil Procedure Rule 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. The party seeking such an order must demonstrate a

particular and specific need for the protective order. *Gary v. Rodewald*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, e.g. confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. *Hayden v. Siemens Medical Systems, Inc.,* 106 F.R.D. 551, 556, (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information. *Id*.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect the documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." *Bayer AG and Miles Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

As competitors or potential competitors, the parties' proposed protective order was drafted to protect the confidentiality and disclosure of each party's confidential business information and to provide extra precautions on the disclosure of highly sensitive business information, as defined below, and as balanced against the need and use for such information to prosecute and defend this action. Confidential information, whether designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, may open to challenge by any party, any third party, or the public.

**C. Conclusion**

Based on the foregoing demonstration of good cause in support of the Protective Order, this Order should be granted by the Court to protect that parties' confidential business information.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

# STIPULATION AND ORDER

In accordance with Rule 26(c) *Federal Rules of Civil Procedure* the parties stipulate and agree, through their respective counsel, to the entry of a protective order governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial or personal information, and documents containing any such information as follows:

**1.     INITIAL DESIGNATION.**

**1.1     Confidentiality Designations**.  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as follows:

a.     <u>CONFIDENTIAL designation</u>.  A party or non-party may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public

b.     <u>CONFIDENTIAL-ATTORNEYS' EYES ONLY designation</u>. A party or non-party may only designate material CONFIDENTIAL-ATTORNEYS' EYES ONLY if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

**1.2     Produced Documents.**  A party producing documents that it believes

4

constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. As used herein, the term "documents" includes all writings or other media on which information is recorded and other electronic files and tangible things subject to production under the *Federal Rules of Civil Procedure.*

Any and all documents, information, or materials provided by a party for the purpose of settlement discussion prior to the entry of this Order by the Court shall be deemed CONFIDENTIAL-ATTORNEYS' EYES ONLY unless otherwise designated or agreed to, in writing, by the parties. Notwithstanding any other provisions of this Order, no such documents, information, or materials may be disclosed, shared, or otherwise used during any part of this case unless introduced again by the same providing party under this Order.

**1.3 Interrogatory Answers.** If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 1.1 above that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in the same manner as a produced document under subparagraph 1.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

**1.4 Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection. For purposes of such inspection, all materials produced shall be considered as CONFIDENTIAL INFORMATION unless the parties agree, in writing, otherwise. If the inspecting party selects specified documents to be copied, the producing party shall be treated as CONFIDENTIAL INFORMATION

5

until 10 days have elapsed from the time the producing party is provided copies of the selected documents, during which time the producing party may designate such documents as CONFIDENTIAL INFORMATION in accordance with Section 1.1.

**1.5** **Deposition Transcripts.** Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY and label such portions appropriately. For convenience, if a deposition transcript contains repeated references to CONFIDENTIAL INFORMATION which cannot conveniently be segregated from non-CONFIDENTIAL INFORMATION, the entire transcript may be marked by the reporter as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY.

A party may also designate information disclosed at a deposition as CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY by notifying all parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines designated as such. Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control. For 30 days after receipt of the transcript, depositions shall be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY may be disclosed.

**1.6** **Multi-page Documents.** A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers, and/or responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.2 on the first

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.2 on each page of the document containing CONFIDENTIAL INFORMATION.

**1.7** **Inadvertent Failures to Designate**. An inadvertent failure to designate qualified information or items does not, standing alone, waive the right to secure protection under this Protective Order for such material, provided that the designating party promptly notifies the Receiving Party, in writing, of its failure to properly designate the qualified information and corrects the designation after discovery of such inadvertent failure. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**2.** **HANDLING PRIOR TO TRIAL.**

**2.1** **Disclosure of CONFIDENTIAL Material.** Materials designated CONFIDENTIAL or information derived therefrom may be disclosed, shown, made available, or communicated in any way only to the following persons:

    a.    The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this Action and for no other purpose;

    b.    Qualified persons taking testimony involving CONFIDENTIAL INFORMATION, and necessary stenographic, videographic, and clerical personnel thereof;

    c.    Consultants or experts and their staff who are employed for the purposes of this litigation who have signed the "Written Assurance" acknowledgement (Attachment A);

    d.    The court and the court's staff;

    e.    The author, addressees and recipients of the documents or any

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1 person who would have had access to such information by virtue of his/her
2 employment; and for whom disclosure is reasonably necessary,

   f. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

   g. Outside counsel for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this Action, and/or claims representatives and/or claims adjustors, upon the condition that such CONFIDENTIAL INFORMATION not be used in policy issuance determinations and be immediately destroyed by the insurance carriers upon completion of the instant litigation;

   h. Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this Action or for one having any interest adverse to either party to this Action;

   i. Any other person as to whom the parties previously agree in writing.

**2.2 Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.** Material or documents designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY may be shown to the persons listed in Sections 2.1(b) through (i).

**2.3 Use of CONFIDENTIAL INFORMATION.** Individuals who are authorized to review CONFIDENTIAL INFORMATION pursuant to this Protective Order shall hold the CONFIDENTIAL INFORMATION and its contents in confidence and shall not divulge it, either verbally or in writing, except

as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

**2.4 Unauthorized Disclosures.** In the event of disclosure of CONFIDENTIAL INFORMATION other than as authorized in this Protective Order, counsel for the party responsible for the disclosure shall (1) notify all parties of the unauthorized disclosures, (2) make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials, and (3) request that the persons to whom the unauthorized disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A"). Upon written stipulation or motion, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

**2.5 Court Filings.** Any CONFIDENTIAL INFORMATION (or documents containing CONFIDENTIAL INFORMATION) to be filed with the Court shall be filed under seal pursuant to the procedures set forth in Local Rule 79-5, or pursuant to such other procedures for filing under seal as the Court may order or allow. The parties agree that exhibits provided to any jury impaneled in this Action shall be provided without the CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY stamp.

**3. HANDLING DURING TRIAL.** CONFIDENTIAL INFORMATION which is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

**4. HANDLING AFTER FINAL DISPOSITION.** This Protective Order shall survive the final termination of this Action and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this Action, counsel for the parties may each retain one copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL INFORMATION. Counsel shall destroy or assemble and return to each other materials designated as CONFIDENTIAL and/or CONFIDENTIAL–ATTORNEYS' EYES ONLY and all copies or summaries thereof.

5. **RESTRICTIONS.** Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this Action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Protective Order (other than through an act or omission or a person receiving material under this Protective Order).

6. **OTHER REQUESTS.** This Protective Order shall be without prejudice to the right of any party: (i) to request re-designation of material as CONFIDENTIAL, CONFIDENTIAL–ATTORNEYS' EYES ONLY, or neither; (ii) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is CONFIDENTIAL, CONFIDENTIAL–ATTORNEYS' EYES ONLY Material, or whether its use should be restricted; (iii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein. Any challenge to a confidentiality designation shall be initiated pursuant to Local Rule 37 and the burden of persuasion in any such challenge shall be on the party who designated the material as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY. The Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

7. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED**

**PRODUCED IN OTHER LITIGATION.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY that party must:

  a. promptly notify, in writing, the designating party. Such notification shall include a copy of the subpoena or court order;

  b. promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

  c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL INFORMATION may be affected.

  If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its CONFIDENTIAL INFORMATION and nothing in these provisions should be construed as authorizing or encouraging any party in this Action to disobey a lawful directive from another court.

**8. CUSTODY.** All Receiving Parties of CONFIDENTIAL material and information under this Protective Order shall maintain such material and information secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

This Protective Order shall be binding on the parties pending entry by the Court.

IT IS SO STIPULATED.

Dated: November 29, 2017      **MILORD & ASSOCIATES, P.C.**

By:    /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

Dated: November 29, 2017      **MARC J. KESTEN, P.L.**

By:    /s/ Mark J. Kesten
Mark J. Kesten
Attorneys for Defendant
NJS.COM LLC, d/b/a
NAMEJEWELRYSPOT

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 30, 2017      By: *John E. McDermott*

Honorable John E. McDermott
United States Magistrate Judge

**Attestation Pursuant to L.R. 5-4.3.4(a)(2)(i)**

I herby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 29, 2017     /s/ Milord A. Keshishian
                             Milord A. Keshishian

# EXHIBIT A
# WRITTEN ASSURANCE

I, _____ (print name), reside at _____, in the City of _____, _____. I am employed by and/or affiliated with _____, with a business address of _____, in the City of _____, _____. I have read and understand the Stipulated Protective Order filed in the case of *L.A. Gem & Jewelry Design, Inc. v. NJS.com, LLC, et al.*, United States District Court Case CV 17-2747 BRO (JEMx). I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I will not divulge Confidential Material and/or Confidential-Attorneys' Eyes Only Material (as those terms are defined in the Stipulated Protective Order) to persons other than those specifically authorized by the Stipulated Protective Order. I will not copy or use, except solely for the purpose of this litigation, any information protected by the Stipulated Protective Order except as expressly permitted by the Court.

Executed at _____, _____ (insert city and state), this _____ day of _____, 201__.

_____
Signature